## UNITED STATES v. BARNETT DAVIS

## BARNETT DAVIS v. UNITED STATES

**No. 5353.**—Invoices dated Amsterdam, Holland, July 11, 1938, and September 6, 1939, etc.
Entered at Pittsburgh, Pa., July 20, 1938, and September 25, 1939, etc.
Entry Nos. 29 and 165, etc.

(Decided July 30, 1941)

*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the United States.
*Jerome G. Clifford* (*George W. Israel* of counsel) for the importer.

BROWN, Judge: This reappraisement appeal 127227–A is an appeal by the collector of customs at the port of Pittsburgh, Pa., from the valuation found by the appraiser at said port on an importation of polished diamonds from Amsterdam, Holland. The diamonds had been entered by the importer at the invoice prices with a memorandum of claimed non-dutiable items, in this case including the commission here in dispute, which were added to the face of the invoice.

It is stipulated that reappraisements numbered 133479–A, 133569–A, 133738–A, 133994–A, 135387–A, 136108–A, 136175–A, and 136297–A, which are importers' appeals should be submitted upon the same record as appeal number 127227–A.

The appraiser deducted the non-dutiable items, including the disputed commission, and appraised the importation at the invoiced prices plus 2 per centum for packing.

From this finding of value the collector appealed, claiming that the commission was, in fact, the profit of the shipper, the so-called commissionaire, and therefore part of the foreign-market value and as such taxable.

At the trial at Pittsburgh, on December 2, 1940, counsel for the Government plaintiff explained that the situation here was the same as in a previous case but was not consolidated therewith because a later special report which he wished to put in evidence had been received from Karl M. Richards, Treasury Representative. This report was received in evidence without objection as plaintiff's collective exhibit 1. The plaintiff then rested.

The defendant called as witness, David Davis, who testified that he was a partner in the firm of Barnett Davis, the importer, and had been for upwards of 20 years. The business of Barnett Davis consisted of cutting and importing diamonds.

Witness further testified that he did most of the buying for the firm and for this purpose had for the last 20 years been making trips to Amsterdam, Holland; that the last time he had been there was in March, 1939, having been there from the previous December; that he was familiar with market conditions and prices and that during 20 years had been doing business through Louis Tas, who was not an individual but a firm, having employed Tas as his commissionaire because

they know the market, they know the manufacturers. They arrange all that for me. When I buy, they take care of the payments for me. I have bought from individual people, and they prepare those goods, the consular invoices, and they ship for me. In other words, they are my office in Europe.

Witness further testified that he used the facilities of Louis Tas for messages and cablegrams and made it his headquarters; that he considered Tas as his buying agent; that he himself purchased the diamonds, but when he wanted help he would call on Tas; that for these services he paid Tas a commission of 2 per centum, no part of which goes to the sellers; that Louis Tas does not sell him the diamonds.

Witness further testified that purchases could be made direct but it was more advantageous to employ a commissionaire as one saves the rent and has use of all the office facilities. Witness estimated that 85 per centum of the buyers of diamonds for export to the United States employed commissionaires.

The report of the special agent (exhibit 1) fully confirms the foregoing testimony at every point. Among other things the report states:

I verified the consular invoices in question with the shipper's copy of the commercial invoice and with the shipper's customer account book and found it to be in agreement therewith.

The shipper maintains an open account for the importer, who settles periodically. * * *

Mr. Tas claimed that there was only a broker-customer relationship between his firm and the importer.

The importer or his agent usually comes to Europe and selects merchandise through the facilities of the shipper's office. Stones thus selected are purchased by the shipper with his own credit and charged to the importer's account plus a commission of 2%. Stones are graded and classified by the importer or his agent with the assistance of the shipper. Those selections are reappraised and shipped to the importer. Left-over or rejected stones are resold on the Amsterdam or Antwerp market and the amount obtained is credited to the importer's account. The reappraised value, as shown on the consular invoice, is based on the purchase price.

There is nothing in the foregoing record to indicate that the 2 per centum so-called commission is anything but a convenient way of

calculating, by an agreed-upon percentage of the value of the goods bought by the commissionaire for account of the importer, the value of the services rendered by the commissionaire to the importer in the way of office facilities, buying help, grading and revaluing the stones, packing and shipping the stones, and financing the transactions.

This no more constitutes a part of the dutiable foreign value as a seller's commission or profit, or in any other way, than would the cost of a buyer's steamship tickets or his hotel or restaurant bills.

I, therefore, hold that this disputed commission is not dutiable.

And I find that the dutiable values of the merchandise here involved are the invoiced unit values, plus packing as invoiced, said finding applying to the merchandise covered by this collector's appeal and likewise to the merchandise covered by the hereinbefore enumerated importer's appeals submitted upon this same record. Judgment will issue accordingly.